# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**LEONARD GROVES, JR.**                                              **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:10CV-P16-H**

**RONALD E. HINES**                                             **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Leonard Groves, Jr., a convicted state inmate currently incarcerated at the Little Sandy Correctional Complex, filed this 42 U.S.C. § 1983 action against his former criminal defense attorney, Ronald E. Hines. Plaintiff is proceeding without the assistance of counsel. He alleges that Defendant Hines violated his rights under the 5th, 6th, and 14th Amendments to the United States Constitution as well as various provisions of the Kentucky Constitution.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will now proceed to conduct the required review of Plaintiff's complaint.

Section 1983 of Title 42 of the U.S. Code provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). It is firmly established that defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325(1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional

functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Plaintiff's claims against Defendant Hines all relate to Hines's representation of Plaintiff during his criminal proceedings. As such, Plaintiff has failed to state a claim under § 1983 against Defendant Hines.

Plaintiff has also asserted various state law claims against Defendant Hines under the Kentucky Constitution. Because Plaintiff's federal law claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3)(providing that a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
   Defendant
4412.008